IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 16–cv–00753–KMT

KIMBERLY E. SLUIS,

    Plaintiff,

v.

CAROLYN W. COLVIN, COMMISISONER OF SOCIAL SECURITY,

    Defendant.

---

# ORDER

---

This case comes before the court on review of the Commissioner's denial of Plaintiff Kimberly E. Sluis's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Titles II and XVI of the Social Security Act ("the Act"). Jurisdiction is proper under 42 U.S.C. § 405(g). Plaintiff filed her Opening Brief on November 25, 2016 (Doc. No. 44 [Opening Br.]), Defendant filed her Response Brief on December 14, 2016 (Doc. No. 45 [Resp. Br.]), and Plaintiff filed her Reply Brief on December 21, 2016 (Doc. No. 21 [Reply Br.]).

## BACKGROUND

Plaintiff filed applications for DIB and SSI in October 2014, alleging disability beginning in March 2013 due to depression and other physical impairments. (Administrative Record [AR] at 221-22, 228-33, 273.) The ALJ held a hearing in December 2015, during which Plaintiff and a vocational expert testified. (AR at 48-102.) The ALJ issued a decision on January 4, 2016,

finding Plaintiff was not disabled and not entitled to DIB or SSI because she retained the residual functional capacity ("RFC") to perform a range of sedentary work and a significant number of jobs in the national economy. (AR at 21-40.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. (AR at 1-5.) Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), which provides for this Court's jurisdiction.

## STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater*, 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(a)(4)(i)–(v). *See also Williams v. Bowen,* 844 F.2d 748, 750–52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Sec'y of Health and Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F. Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v.*

*Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). However, the court may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Thompson*, 987 F.2d at 1487.

The court may not affirm an ALJ's decision based on a *post-hoc* rationale supplied in an appellate brief, since doing so would "usurp essential functions committed in the first instance to the administrative process." *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir.2004). Although the Tenth Circuit has applied the doctrine of harmless error in administrative appeals, it is only appropriate where "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Id.* at 1145.

## ANALYSIS

Plaintiff argues that (1) the ALJ's RFC finding does not account for all of the relevant physical and mental limitations contained in the medical opinions; (2) the ALJ erred in assessing Plaintiff's credibility, (3) the ALJ erred in application of treating physician principles; and (4) the ALJ erred in application of SSR 06-03p.

Because arguments (2)-(4) each have merit, the Court reverses and remands the ALJ's decision for reconsideration. Reconsideration of these issues could lead to further modification of the RFC (issue (1)). The Court, though, will leave such analysis to the ALJ at this time.

### A. Plaintiff's Credibility Assessment

Credibility determinations are "peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence." *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010) (internal quotation marks omitted); see also *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2002). "Nevertheless an ALJ's adverse credibility finding 'should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" *Mendez v. Colvin*, 588 F. App'x 776, 779 (10th Cir. 2014) (quoting *Wilson*, 602 F.3d at 1144). Stated another way, as long as the ALJ links her credibility assessment to specific evidence in the record, her determination is entitled to substantial deference. *White*, 28 F.3d at 910; *see also Qualls*, 206 F.3d at 1372; *Casias v. Sec. of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991) ("We defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility.").

Here, the ALJ discredited Plaintiff on the basis that she had a jail record. (AR 33.) Defendant conceded as much, noting: "Plaintiff correctly points out that she did not serve 11 days in jail." Resp. Br. at 14. Given the gravity of this finding (and the fact that it was incorrect), the Court has little choice but to remand the decision on the basis of this error because there is no evidence—let alone substantial evidence—to support this finding.

### B. 20 C.F.R. §416.927: Controlling Weight and Multi-Factor Test

Plaintiff challenges the ALJ's assessment of treating physician, Matthew Young, D.O.'s medical opinion. Plaintiff contends that the ALJ failed to afford proper weight to Dr. Young's mental limitations. The Court agrees.

A treating physician's opinion is generally entitled to controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with the other substantial evidence in the record." *Pisciotta v. Astrue*, 500 F.3d 1074, 1077 (10th Cir. 2007). Where the ALJ decides "the treating physician's opinion is not entitled to controlling weight, the ALJ must then consider whether the opinion should be rejected altogether or assigned some lesser weight." *Id.* If the ALJ declines to afford controlling weight to a treating physician, the ALJ "must" consider the following specific factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Goatcher v. U.S. Dep't of Health & Human Servs.,* 52 F.3d 288, 290 (10th Cir. 1995)("the ALJ must consider the following specific factors in [20 C.F.R. §§ 416.927(c)] to determine what weight to give any medical opinion"); *Lawton v. Barnhart*, 121 F. App'x 364, 372 (10th Cir. 2005) (same); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (internal quotation marks omitted).[1]

"Under the regulations, the agency rulings, and our case law, an ALJ must give good reasons for the weight assigned to a treating physician's opinion." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir.2004) (ellipsis omitted) (internal quotation marks omitted); *see* 20 C.F.R.

---

[1] Note: Although the ALJ must consider the factors in 20 C.F.R. 416.927(c), the ALJ need not address every factor when the factor does not "apply" in the "case." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). Where the factor does apply, however, failure to address same constitutes legal error and warrants reversal and remand. *Goatcher*, 52 F.3d at 290; *see also Keyes–Zachary*, 695 F.3d at 1161.

416.927(c)(2). The reasons must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight." *Langley*, 373 F.3d at 1119 (internal quotation marks omitted). "If the ALJ rejects the opinion completely, [s]he must then give specific, legitimate reasons for doing so." *Id.* (brackets omitted) (internal quotation marks omitted). And if an ALJ fails to explain how she assessed the weight of the treating physician's opinion, a court cannot presume she actually applied the correct legal standards when considering the opinion. *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004).

Here, Dr. Young co-signed a report with Plaintiff's counselor: Marilyn Dougall, LCSW. (AR 784-5.) The report is quite detailed, noting that Plaintiff had marked or extreme mental limitations. Yet the opinion, reflected in this report, was afforded "very little weight" because it was purportedly "inconsistent with the entire record." (AR 35.)

The Court finds that the ALJ's scrutiny of Dr. Young's opinion was nothing more than boilerplate analysis—failing to take into consideration that Dr. Young was Plaintiff's treating physician. Critically, even if the ALJ did not view Dr. Young's report as controlling, there is no consideration of the factors articulated in 20 C.F.R. §§ 416.927(c). For instance, there is no reference to (1) how long Plaintiff has been treated by Dr. Young, (2) the nature and extent of the relationship, despite the detailed note in the mental limitation report (AR 784-85), (3) the degree that Dr. Young's report was supported by Ms. Dougal (being Plaintiff's counselor) or the fact that Douglas Hanze, PhD provided a report, noting moderate difficulties with Plaintiff's

concentration, persistence and pace.[2] These are just some of the factors that should have been addressed before consigning Dr. Young's opinion to "very little weight." (AR 35.) On remand, the ALJ, should not only reconsider these factors, but whether Dr. Young should be considered controlling weight given his status as Plaintiff's treating physician.

### C. SSR 06-03p: Marilyn Dougall, LCSW

Dovetailed to the previous issue, Plaintiff challenges the ALJ's assessment of Marilyn Dougall, LCSW's opinion—Plaintiff' counselor. Here, Plaintiff contends that although Ms. Dougall is a non-acceptable medical source, she is still a source that must be weighed in accordance with the factors set out in *See*, SSR 06-03p, 71 Fed. Reg. 45,593, 45,595. Those factors are substantially the same as those in 20 C.F.R. §§ 416.927(c) (treating physician).

Again, with respect to Ms. Dougall's opinion, the Court finds that the ALJ failed to afford proper weight to this source in light of the relevant multifactor analysis articulated in SSR 06-03p—constituting reversible error and remand. *Wall*, 561 F.3d at, 1052 (stating that failure to apply correct legal standards constitutes reversible error). Among the deficiencies, there is no reference to the fact that Ms. Dougall has been treating Plaintiff since January 2013. (AR 457-461, 1003, 1202, 1716). This treatment record would bolster the weight afforded to Ms. Dougall's opinion *vis-à-vis* other factors. Moreover, the Court expresses concern that Ms. Dougall was discredited because she addressed Plaintiff's "PTSD, secondary child and adult abuse" and because these events occurred "well before" Ms. Dougall started treating Plaintiff. (AR 36.) But these are not "good" reasons for discounting the opinion because understanding a

---

[2] Even moderate difficulties are enough to translate into RFC limitations. *Yurt v. Colvin*, 758 F.3d 850 (7th Cir. 2014).

patient's past abuse surely provides context for treating present mental health concerns. 20 CFR 404.1527( c)(2), 416.927(c)(2).

On remand, Ms. Dougall's opinion should not be given such short shrift. Indeed, evidence from counselors can afford the most probative evidence on record. *See* SSR 06-03p ("[I]t may be appropriate to give more weight to the opinion of a medical source who is not an acceptable medical source if he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion.")

## CONCLUSION

The Commissioner's decision is reversed and remanded. As such, the court will not address Plaintiff's remaining arguments that the ALJ erred in the RFC assessment, among other issues because analysis on remand may impact how these issues are viewed. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand."). Accordingly, it is

**ORDERED** that the Commissioner's decision is **REVERSED** and this case is **REMANDED**[3] to the Commissioner for further proceedings consistent with this Order. It is further

---

[3] Here, reversal for payment of benefits is not warranted because the Plaintiff has not overwhelmingly established disability. *See Sorenson v. Bowen*, 888 F.2d 706, 713 (10th Cir. 1989) ("Outright reversal and remand for immediate award of benefits is appropriate [only] when additional fact finding would serve no useful purpose." (quotation and citation omitted)); *cf. Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989) ("Where the record on appeal is unclear as to whether the ALJ applied the appropriate standard by considering all the evidence before him, the proper remedy is reversal and remand.").

**ORDERED** that Plaintiff is awarded costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated this 6th day of March, 2018.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge